<pre>
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
</pre>

| | |
|---|---|
| PHENIX TACKES, a minor by<br>Christopher L. Strohbehn, her Guardian<br>Ad Litem, CHRISTINE BICKHAM, and<br>PAUL TACKES<br><br>   Plaintiff,<br><br>And<br><br>UNITED HEALTHCARE OF<br>WISCONSIN, INC.,<br><br>   Subrogated Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., and<br>HAIWEI TECHNOLOGY (SHENZHEN)<br>CO., LTD., and<br>ABC INSURANCE COMPANY<br><br>   Defendants. | Case No. 2:23-CV-00792-PP |

## AMENDED COMPLAINT

COME NOW the Plaintiffs and for their causes of action against the Defendants, alleges and states as follows:

### PARTIES

1. Plaintiffs Christine Bickham and Paul Tackes are married individuals who reside and are domiciled in the Milwaukee County. They are the parents of Phenix Tackes, a minor, who also resides and is domiciled in Milwaukee County

2. Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington.

Its registered agent for service of process in the State of Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington.

3. Haiwei Technology (Shenzhen) Co. Ltd. (Haiwei) is a product design and manufacturing company based in China that designs and manufactures products and sells them in the State of Wisconsin through Amazon. It can be served by making service on Iris Ju, 251 South Lake Ave. Suite 910. Pasadena, CA 91101.

**FACTS**

4. The Defendants sell a product titled "Bravokids Toys for 3-6 years Old Girls Boys, LCD Writing Tablet 10 inch Doodle Board, Electronic Drawing Tablet Drawing Pads, Educational Birthday Gift for 3, 4, 6, 7, 8, and 8 Years Olds Kids Toddler" hereinafter referred to as "The Product".

5. The Product is a tablet that allows a child to draw on the tablet with a stylus. When a child wants to erase the drawing on tablet, the child presses a button on the tablet. The image is then erased, making space for the child to draw another picture.

6. The tablet is powered by a replaceable CR2032 coin-sized lithium button battery (Button Battery). Inside the packaging of The Product, a spare Button Battery is included.

7. When a Button Battery is ingested, saliva triggers the battery to generate a chemical reaction called hydrolysis, leading to chemical burns, major internal injuries and even death.

8. The danger of a Button Battery is latent.

2

9. The Defendants knew or had reason to know that small, smooth, shiny objects, such as Button Batteries, are attractive to young children and may be misused by young children and swallowed by young children.

10. At no point did the Plaintiffs or purchaser of The Product become aware of the extent of the danger posed by the The Product, and that The Product would contain a dangerous spare Button Battery that is easily accessible by a small child.

11. On or around November 6, 2021, Plaintiff Phenix Tackes attended a birthday party with her siblings and other children. While there, Phenix and other party attendees each received a gift bag containing The Product. When Phenix returned home, The Product was placed in the room that Phenix shared with her sibling. Within a few days later, Phenix was able to access the Button Battery from The Product and ingested it, causing extensive and serious injuries.

## COUNTY 1 – STRICT LIABILITY

12. All prior paragraphs are incorporated by reference.

13. At all times material, the Defendants were in the business of promoting, selling and distributing products like and including The Product that injured Plaintiff Phenix Tackes.

14. The Defendants expected The Product to, and it did reach the Plaintiffs without substantial change in the condition in which it was sold.

15. The Product was defectively designed, assembled and manufactured by Defendant Haiwei which rendered it unreasonably dangerous.

16. The Product was defective when it left the control of the Haiwei and Amazon is liable under Wis. Stat. § 895.047(2) because the Plaintiffs would be unable to enforce a judgment against either Haiwei and/or its insurer.

17. The defective condition of The Product was a cause and substantial factor of the Plaintiffs' damages.

18. An ordinary consumer or user with knowledge common to the community and those who were foreseeably expected to use The Product would not contemplate the deadly danger posed by the Button Battery.

19. The foreseeable risks of harm by The Product could have been reduced or avoided by the adoption of a reasonable alternative design, and the omission of the alternative design renders The Product not reasonably safe. These defects and alternative designs are described below.

20. Specifically, The Product was defectively designed and unreasonably dangerous because:

   a. It included a spare Button Battery that was accessible to young children, including Plaintiff Tackes;

   b. It failed to contain a readily apparent warning describing the dangers of the Button Battery;

   c. No warning was placed on The Product alerting anyone that a spare Button Battery was located within The Product and accessible to young children, nor was there a warning placed on on the spare Button Battery;

   d. The Product failed to contain the sufficient safety alert symbol;

   e. The Product failed to contain the sufficient signal word;

   f. The Product failed to meet the requirements as set forth in ANSI Z535;

   g. It failed to meet the requirements set forth in the Federal Hazardous Substances Act;

21. As a result of the Defendants' negligence and intentional disregard of the rights of the Plaintiffs, Plaintiff Phenix Tackes suffered injuries and damages as follows:

   a. Future medical expenses;

4

    b. Past physical pain and suffering;

    c. Future physical pain and suffering;

    d. Past mental pain and suffering;

    e. Future mental pain and suffering;

    f. Future lost wages;

    g. Loss of earning capacity;

    h. Permanent impairment;

    i. Disfigurement;

    j. Punitive damages.

22. As a result of the Defendants' negligence and intentional disregard of the rights of the Plaintiff Bickham and Plaintiff Paul Tackes, each suffered damages in excess of $75,000.00 as follows:

    a. Past medical expenses of until Plaintiff Tackes reaches the age of 18;

    b. Future medical expenses incurred after Plaintiff Tackes reaches the age of 18;

    c. Punitive damages.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the injuries and damages set forth above, costs of suit herein incurred, interest and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*s/* Michael E. Carr
Michael E. Carr State Bar #1136010
Attorney for Plaintiff
Carr & Carr Attorneys
4416 S. Harvard Avenue
Tulsa OK 74135
Telephone: (918) 747-1000
Fax: (918) 747-7284
Email: mcarr@carrcarr.com

Christopher L. Strohbehn State Bar #1041495
Mallery, S.C.
731 North Jackson Street Suite 900
Milwaukee WI 53202
Telephone: (414) 491-1719
Fax: (414) 727-6291
Email: cstrohbehn@grgblaw.com